**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| John Crawford Coulter, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 8:16-cv-430-PMD-JDA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff John Crawford Coulter's objections to the Magistrate Judge's report and recommendation ("R & R") (ECF Nos. 28 & 26). The Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying Coulter's claim for social security disability benefits. For the reasons stated herein, the Court overrules one objection, sustains another, and remands to the agency.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION[1]

Coulter has raised two arguments in his challenge of the Commissioner's decision. First, he argues the ALJ gave improper weight to the opinions of two of his physicians. Second, Coulter contends the ALJ improperly failed to consider the combined effect of all of his impairments when determining his residual functional capacity ("RFC"). The Magistrate Judge found no merit to either argument. Coulter's two objections to the R & R correspond to his two stated grounds for seeking judicial review. The Court addresses each *seriatim*.

### I.     The ALJ's Assessment of Coulter's Physicians' Opinions

The record before the ALJ included opinions from two of Coulter's physicians, Dr. David Rogers and Dr. Stephanie Vanterpool. The ALJ assigned little weight to Dr. Rogers' opinion regarding Coulter's upper extremities. As for Dr. Vanterpool, the ALJ assigned significant weight to part of her opinion about Coulter's work capabilities; however, the ALJ found another portion of her opinion not credible. Coulter challenged the ALJ's assessments of those opinions, but the Magistrate Judge concluded the ALJ appropriately weighed those opinions and explained his assessment of each one.

Coulter now states that he objects to the Magistrate Judge's conclusion regarding the ALJ's assessment of Dr. Vanterpool's opinion.[2] However, Coulter spends his objection only

---

1.    Neither party objects to the facts, procedural history, legal standard, or standard of review set forth in the R & R. Seeing no clear error in those portions of the R & R, the Court adopts them.

2.    Although Coulter begins his objection by stating he objects to the Magistrate Judge's recommendations regarding "the opinions of treating physicians," (Pl.'s Objs., ECF No. 28, at 1), he goes on to discuss only Dr.

arguing why he believes *the ALJ* erred—something he already did in his briefs, which the Magistrate Judge considered. Coulter does not identify errors he believes *the Magistrate Judge* made. That is not an appropriate objection. *See, e.g.*, *Weber v. Aiken–Partain*, No. 8:11-cv-2423-GRA, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections merely rehashing arguments raised to the magistrate are insufficient to direct the court to a specific error in an R & R). The Court therefore overrules Coulter's first objection. Having carefully reviewed the R & R and the record, the Court is satisfied that the Magistrate Judge made no clear errors in her analysis of this issue. The Court therefore adopts the portion of the R & R addressing Coulters' physicians' opinions.

## II.     The Combined Effects of Coulter's Impairments

Where, as here, an ALJ determines that a claimant has multiple impairments, the ALJ must consider the combined effects of those impairments and must "adequately explain his or her evaluation" of those combined effects. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). The ALJ must perform those tasks throughout the disability determination process. *See Arant v. Colvin*, No. 2:14-cv-1539-MGL-MGB, 2015 WL 5785544, at *5 (D.S.C. Sept. 29, 2015).

The ALJ found that Coulter suffers severe impairments from ankylosing spondylosis and Crohn's disease, as well as non-severe impairments from gout, depression, attention-deficit hyperactivity disorder, and alcohol abuse. Coulter claims that when the ALJ determined Coulter's RFC, he failed to consider the combined effects of those impairments and, consequently, failed to explain his evaluation of them.

---

Vanterpool's opinion. To the extent Coulter's objection extends to other physicians, the objection is conclusory and thus is overruled. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

In his identification of Coulter's impairments, the ALJ found that Coulter's three mental-health impairments, even in combination, imposed only minimal limitations on Coulter's ability to work. Then, in his step-three analysis of whether Coulter's impairments met or equaled any specific listed disabling impairment, the ALJ twice wrote the following:

> The undersigned [has] specifically considered the cumulative effects of the impairments on [Coulter's] ability to work. See Walker v. Bowen 889 F.2d 47 (4th Cir. 1989). The undersigned noted that the claimant's impairments caused him exertional, postural, and environmental limitations. Nonetheless, the claimant's impairments were not, in combination, equal to any Listing(s).

(R. 14, 15.) The ALJ then separately determined Coulter's RFC. In that analysis, the ALJ did not again state that he had considered the cumulative effects of Coulter's impairments, and he did not again cite *Walker*. Rather, after discussing the evidence relating to the impairments, the ALJ concluded his RFC analysis by writing that "[w]hile the medical evidence of record establishes the existence of the above-mentioned impairments, the objective findings do not confirm that these impairments are of such a severity that they could reasonably be expected to produce the degree of pain and functional limitations alleged." (R. 19.)

The R & R implicitly acknowledges the ALJ's failure to state explicitly that he considered the combined effects of the impairments or to explain his evaluation of those combined effects in his RFC analysis. Nevertheless, the Magistrate Judge recommends affirming on this issue because (1) the ALJ's written decision as a whole sufficiently reflects that he considered the combined effects of Coulter's impairments and (2) the ALJ's shortcomings on the *Walker* requirements were harmless. Coulter objects to both of those conclusions.

The ALJ did consider the cumulative effects of Coulter's impairments in his listings analysis. The ALJ's later use of the singular—"a severity" and "the degree"—tends to indicate he also did so when he determined Coulter's RFC. On the other hand, in the listings analysis, the

ALJ twice cited *Walker* and stated he had considered the cumulative effects of Coulter's impairments. To speak with such clarity there and then not do so again on a separate issue strongly suggests that the ALJ did not consider the cumulative effects of Coulter's impairments for the specific purpose of determining Coulter's RFC. *See Seabolt v. Barnhart*, 481 F. Supp. 2d 538, 547 (D.S.C. 2007) (stating the fact that an ALJ did not discuss the combined effects of impairments "is evidence that he did not consider it"). If he did not, he erred.

To be sure, a line of cases from this district hold that *Walker* is satisfied "if it is clear from the decision as a whole that the [ALJ] considered the combined effect of a claimant's impairments." *E.g.*, *Brown v. Astrue*, No. 0:10-cv-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012). The Magistrate Judge concluded the ALJ's decision meets that standard. With great appreciation for the Magistrate Judge's thoughtful and thorough analysis, the Court respectfully disagrees on this point. Although the ALJ's decision shows he considered the cumulative effects with regard to listings, it does not clearly demonstrate he did so for RFC. The written decision is unclear on that issue, which is problematic in itself. Leaving the Court to guess whether the ALJ in fact conducted the required analysis in the RFC determination frustrates appropriate judicial review. *Cf. Saxon v. Astrue*, 662 F. Supp. 2d 471, 480 (D.S.C. 2009) ("[A]lthough it is possible to infer from the ALJ's review of the medical evidence and his RFC evaluation that he did in fact consider the combined effect of the Plaintiff's impairments . . . , the Court finds that such an *inference* falls short of the required evaluation.").

The Court need not decide whether the ALJ in fact considered the cumulative effects of Coulter's impairments on Coulter's RFC. Even if he did, remand is nonetheless necessary because he did not explain his analysis of that issue. Indeed, even when the ALJ cited *Walker*, he simply stated he had considered the cumulative effects and then moved on without any

explanation of how he analyzed that issue.  *Cf. Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 866 (4th Cir. 2014) (quoting ALJ's discussion of how specific impairments affected one another and concluding the discussion satisfied *Walker*).  The ALJ's failure to provide his reasoning is an error that prevents this Court from engaging in meaningful judicial review.  *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017) ("We cannot fill in the blanks for the ALJ in the first instance."); *Saxon*, 662 F. Supp. 2d at 480 (remanding case for "proper consideration" of combined effects of impairments where ALJ's failure to adequately explain his evaluation of those effects prevented judicial review).

Although an ALJ's failure to state his or her reasoning may be harmless error in some instances, *see Patterson*, 846 F.3d at 662, the Court cannot find that error harmless here.  *See Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015) (refusing to hold that ALJ's lack of stated reasoning constituted harmless error "[b]ecause we are left to guess about how the ALJ arrived at his conclusions" regarding an RFC assessment).  In determining Coulter's RFC, the ALJ went beyond the standard limitations for sedentary work—significantly restrictive by themselves— and imposed several more restrictions on Coulter's work activities.  It may well be that all those restrictions adequately account for the cumulative effects of Coulter's impairments.  However, that call is for the ALJ to make and then explain.  After careful review of the record, this Court cannot conclude that the outcome would be the same even if the ALJ had satisfied *Walker*.  Thus, the Court respectfully disagrees with the recommendation to find the ALJ's error harmless.  Coulter's second objection is sustained.

## **CONCLUSION**

For the foregoing reasons, Coulter's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**. Consequently, the R & R is **ADOPTED IN PART** and **REJECTED IN PART**.

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and ambivalence in the record prevents meaningful review. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). As that is the case here, the Court **REMANDS** this matter, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this decision.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

April 13, 2017
Charleston, South Carolina